GALE W. GREENLEE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Greenlee v. Commissioner
Docket No. 327-83.
United States Tax Court
T.C. Memo 1985-218; 1985 Tax Ct. Memo LEXIS 413; 49 T.C.M. (CCH) 1419; T.C.M. (RIA) 85218; May 8, 1985. Gale W. Greenlee, Pro se. James Gehres,W. B. Riley,George G. Young, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: By statutory notices of deficiency dated December 7, 1982, respondent determined deficiencies in petitioner's Federal income tax liabilities as follows: Year
Deficiency
1979
$10,677
1980
533
1981
851
At the trial of this case on March 12, 1984, respondent made an oral motion to dismiss for lack of jurisdiction, and on March 16, 1984, respondent filed a written motion to that effect which the Court took under advisement. The basis for *414 the motion was that both the petitioner and respondent on March 12, 1984, filed with the Court a stipulation of facts in which, among other things, the parties stipulated that there was no deficiency owed by petitioner for any year before the Court. Petitioner refused, however, to execute a final decision document and requests the Court to make specific findings of fact and to issue a written opinion on the merits of the underlying tax issue (namely, whether amounts received by petitioner from a subchapter S corporation were nontaxable loans or taxable wages). Petitioner Gale W. Greenlee resided in Montezuma County, Colorado, when the petition herein was filed. Petitioner and his wife Maxine A. Greenlee timely filed their joint Federal income tax returns for the years 1979, 1980, and 1981. Petitioner, a certified public accountant, in January of 1976, formed a corporation to provide public accounting services under the name Gale W. Greenlee, Inc. ("Greenlee Inc."). Petitioner owned 100-percent of the stock of Greenlee, Inc. In his notices of deficiency to petitioner respondent disallowed depreciation deductions and increased petitioner's taxable income for amounts allegedly *415 received from Greenlee Inc. as wages but not reported as taxable income. On March 12, 1984, petitioner and respondent filed a joint stipulation of facts with the Court. The relevant paragraph of the stipulation for purposes of our opinion herein is as follows: 14. There are no income tax deficiencies to be assessed against the petitioner or paid by the petitioner for his 1979, 1980 or 1981 taxable years. The jurisdiction of this Court, among other things, is predicated on a properly issued notice of deficiency and a timely filed petition by the taxpayer. Sections 6212, 6213. [1] Once these two requirements have been met and jurisdiction has been acquired, this Court generally has the authority to enter a decision as to the taxpayer's correct tax liability for the years in dispute. Sections 6214, 7459. The Court's jurisdiction, however, generally is limited to a redetermination of the correct amount of the deficiency, if any, for the years for which the deficiency notice was issued. . The Court *416 retains jurisdiction even where there is an agreement by both parties of the existence of no deficiency during the years in issue. The Court in that instance can enter a decision of no deficiency for the taxpayer. . We acquired jurisdiction when the petition was filed herein. Having acquired such jurisdiction we have the authority to enter a decision with respect to the amount of the petitioner's deficiency, if any, for the years 1979, 1980, and 1981. . Accordingly, we deny respondent's motion to dismiss for lack of jurisdiction. We must now decide whether it is appropriate under the facts of this case to make additional findings of fact and to render an opinion as to the merits of the underlying substantive issue, in light of respondent's concessions thereof. In we considered this same issue and determined that a full concession of no deficiency therein by respondent did not necessarily preclude the Court from making findings of fact and entering an opinion on the underlying issue. Whether we will *417 do so or not depends, in part, on whether the concession has been agreed to by both parties or whether the concession has been merely tendered by one party and rejected by the other. In the former situation the Court will be inclined not to make additional findings of fact and in the latter situation, depending again on the facts of each case, we will be more likely to exercise our discretion to make the additional findings requested. Cf. . [2]
In the instant case the parties jointly stipulated that no deficiencies were due for the years in dispute herein. That agreement puts this case in the category of cases with respect to which the Court generally will not make additional findings of fact on the substantive issue. In McGowan the substantive issue before this Court affected many taxpayers and the public interest required its resolution. This case is distinguishable in that only petitioner and Greenlee Inc. will be affected by our decision. For *418 the reasons set forth above we decline to make findings of fact and to render an opinion as to whether amounts received by petitioner from Greenlee Inc. during 1979, 1980, and 1981 were nontaxable loans or taxable wages to petitioner. An appropriate order and decision will be entered.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩
2. See also , and .↩